IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY D. TOLLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:04CV1185-M |
| | ) | [WO] |
| | ) | |
| THE CITY OF MONTGOMERY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER ON MOTION**

This matter is before the court on the defendants' motions for summary judgment (Docs. # 33, 35) of the plaintiff's ["Tolliver"] state and federal claims of discrimination based on race and disability and his state law petition for a writ of certiorari.  Because Tolliver has abandoned his discrimination claims, summary judgment is due to be granted against him and in favor of the defendants on all such claims arising under the Constitution and laws of the United States.  Tolliver's remaining state law claims and petition for a writ of certiorari are therefore remanded to the Circuit Court for Montgomery County, Alabama.

**DISCUSSION**

This case concerns Tolliver's termination from the City of Montgomery Fire Department.  The case's current, unusual posture obviates a detailed recitation of the facts, and the court limits its narrative to the essential aspects.

## A. Tolliver's Complaint

Tolliver alleged the following five causes of action in a complaint filed in the Circuit Court of Montgomery County, Alabama:

1. "Petition for a Writ of Certiorari" seeking to correct errors allegedly committed by the defendant City of Montgomery ["City"] in terminating Tolliver and by the defendant City-County of Montgomery Personnel Board ["the Board"] in its review of the City's actions.

2. "Complaint for *Discrimination* Under Title VII of the Civil Rights Act of 1964."

3. "Complaint for *Discrimination* Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution."

4. "Complaint for *Discrimination* because of Race or Disability Under the Constitution and Laws of the State of Alabama."

5. "Complaint for *Discrimination* in Violation of the Americans With Disabilities Act and the Rehabilitation Act of 1973."

(Doc. # 2) (emphasis added).

On 9 December 2004, the City removed the case from the state court pursuant to 28 U.S.C. §§ 1441(a), (c) (2000), and the Board subsequently joined the removal (Docs. # 2, 4). Tolliver did not object to the removal, and since the case has been before this court, has made no effort to amend his complaint or remand the case to the state court.

## B. Tolliver's Abandonment and Improper Amendment

In response to the defendants' motions for summary judgment, Tolliver expressly abandoned all claims alleging discrimination, including specifically his claims under Title

2

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; and the Fourteenth Amendment Equal Protection Clause through 42 U.S.C. § 1983 (2000) (Doc. # 46-1, pp. 6-7).[1]  Tolliver conceded that these claims "must fail because the undersigned counsel does not believe they can be supported by the evidence."[2]  *Id.*

Notwithstanding his failure to include the state law discrimination claims in his list of those explicitly abandoned, his admission that he lacked evidence of discrimination logically suggests that his only remaining claim is one for a writ of certiorari to address alleged errors in the administrative proceedings which occurred before and after his termination.  That is not the case, however.  Despite having "had a hearing before the Fire

---

[1] Tolliver's recitation of the abandoned claims did not include his State discrimination claims, though the rationale underlying his abandonment, i.e. lack of evidence of discrimination, would foreclose the claim nonetheless.  Regardless, as will become clear, because this court has dismissed the federal claims, whether he has viable state law claims and whether he has abandoned them is a matter for the State court to decide.

[2] Tolliver was originally represented in this case by Alvin T. Prestwood, Esq., who died before Tolliver responded to the defendants' motions.  He is now represented by attorneys Carol R. Gerard and Jay Lewis (Doc. # 58).  They submitted Tolliver's opposition to the summary judgment motions.

   The court has reviewed the evidence and agrees that the record does not support the discrimination claims originally pled.  Many civil rights plaintiffs facing similar evidentiary shortfalls would nevertheless have insisted upon their claims, in the hope that their arguments would be judicially resurrected.  A presumably principled and justifiable stance in opposition to perceived unfairness could have thus become a quixotic farce fueled by pride and possibly vengeance. Exercising sound judgment, Tolliver chose the road less traveled.

   His abandonment is sadly heroic.  At once, it is nothing more than what the judiciary and the public should expect and is therefore deserving of no further attention.  The rarity of his action, however, casts his deed in an exceptional light, and, with hopes for  repetition, the court commends Tolliver and his counsel for their integrity.  Unfortunately, the court's praise must be tempered to a great extent by the discussion, *infra*, regarding Tolliver's current attempt to change course (i.e. legal theories) too far downstream.

Department Disciplinary Review Board[,] which resulted in [his] termination," having "appealed the termination [to] the Mayor, who upheld the termination", and having further appealed the Mayor's decision to the Board, "which upheld the termination," Tolliver now, for the first time, alleges a violation of his procedural due process rights under the state and federal constitutions (Doc. # 46-1, pp. 2-3, 6-7).[3]

---

[3] Although Tolliver's allegations supporting his petition for a writ of certiorari included a vague, conclusory reference to the Fourteenth Amendment's due process clause, his opposition brief clarifies that he is challenging perceived errors in the weighing and consideration of the evidence and interpretation of the Fire Department rule he allegedly violated. Indeed, not only does his response to the Board's motion fail to incorporate a due process challenge, he also specifically states, "Plaintiff agrees with the defendant, the Personnel Board of the City and County of Montgomery, Alabama, that Plaintiff's *only cause of action against this defendant is his petition for Writ of Certiorari*" (Doc. # 46-1, p. 11). Notably, his complaint did not distinguish between his petition *viz* the Board and the City.

Absence of a due process claim in his complaint is further evidenced by the essence of his due process arguments in opposition to the City's motion.

> Due process requires the Fire Department to make clear what the charges are about. The Fire Department cannot change the charges midstream. It is required to state the specific charge, then prove it. The entire process, beginning with the charges brought on February 18, 2004, to the Fire Department Disciplinary Review Board on March 8, 2004, to the review of the termination before the Mayor of the City of Montgomery, on March 23, 2004, to the appeal of his termination before the Personnel Board for the City and County of Montgomery on August 24, 2004, failed to meet due process requirements. The defendants have varying and shifting theories as to why Plaintiff was terminated. Some officials contend it was strictly his refusal to take a sobriety test. . . . Others assert he did lose his license for approximately 8 days after the initiation of termination proceedings.

(Doc. # 46-1, pp. 10-11) (citations to the record omitted).

Twice in Tolliver's complaint, however, he demonstrates with clarity recognition of the charges brought against him by the fire department. He first contends that "[o]fficials of the Fire Department of the City of Montgomery placed the Plaintiff-Petitioner on leave and *charged him with having lost his driver's license privileges because he had a DUI conviction or by refusing to submit to a Breathalyzer test* . . .." (Doc. # 2, pp. 5-6). A few paragraphs later, he described the "grounds" for his termination, stating "that [Tolliver] allegedly had lost the privilege of driving a vehicle in Alabama." *Id.* at 6.

"A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment." ***Gilmour v. Gates, McDonald & Co.***, 382 F.3d 1312, 1315 (11th Cir. 2004); *see also* ***Chavis v. Clayton County Sch. Dist.***, 300 F.3d 1288, 1291 n.4 (11th Cir. 2002) (leaving untouched the district court's decision not to address a claim raised for the first time in opposition to a motion for summary judgment, noting, "We do not regard this kind of claim as properly before us . . ..").

Therefore, summary judgment is due to be granted against Tolliver on all of his federal discrimination claims, and the court declines to address the merits of his spontaneously alleged due process claim because it is not properly before the court.

Having disposed of all claims over which the court has original jurisdiction and pursuant to 28 U.S.C.A. § 1367, the court declines to exercise supplemental jurisdiction over

---

In short, Tolliver's complaint could not have been even liberally construed as asserting a claim that he was not properly notified of the charges forming the basis for his termination. In fact his complaint plainly admits the contrary. Although he contends that he did not actually violate the asserted fire department policy–as he interprets it– nothing in his complaint suggests that he did not enjoy every opportunity to explain his position to three levels of local government that ultimately disagreed with him.

The final two sentences of his supposed due process argument are illustrative:

> Plaintiff maintains the defendants violated Plaintiff's due process rights when they initiated said termination proceedings *because Plaintiff had not lost his license at that point*.

> Contrary to the defendants' arguments, *Plaintiff did not refuse to take the sobriety test*. He attempted to take the test four different times, and, for whatever reason, the machine would not register.

(Doc. 46-1, p. 11). Clearly, Tolliver is challenging the conclusions reached by everyone who has reviewed his case rather than the procedures implemented to conduct the necessary reviews.

In its reply to Tolliver's opposition, the City contends, "It would be prejudicial to allow Plaintiff to change the nature of his claims at this late stage in the case" (Doc. # 53-1). The court agrees.

5

Tolliver's state law claims, which are to be remanded to the Montgomery County Circuit Court. § 1367(c)(3).[4]

**CONCLUSION**

For the reasons stated herein, it is hereby

ORDERED as follows:

1.  The defendants' motions for summary judgment (Docs. # 33, 35) are

    GRANTED with respect to Tolliver's claims under Title VII of the Civil

---

[4] The supplemental jurisdiction statute provides, in relevant part:

> (a) Except as provided in subsections (b) and (c) . . ., in any civil action of which district courts shall have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.
> . . .
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - -
> > (1) the claim raises a novel or complex issue of State law,
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

29 U.S.C. § 1367 (2000).

Nothing in this opinion should be construed as a finding that the Court has jurisdiction over Tolliver's claim for a writ of certiorari. With serious doubt that it does, for the sake of judicial economy, the court assumes this fact without deciding.

6

   Rights Act of 1964, as amended; the Americans with Disabilities Act; the Rehabilitation Act; and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

2. The plaintiff's petition for a writ of certiorari and remaining state law claims are REMANDED to the Circuit Court of Montgomery County.

DONE this 27th day of December, 2005.

        /s/ Vanzetta Penn McPherson
        VANZETTA PENN MCPHERSON
        UNITED STATES MAGISTRATE JUDGE